UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------------X

IN RE EX PARTE PETITION OF SHAGANG        14 Misc. 53-P1 (RWS)
SHIPPING CO., LTD,
                                          OPINION

------------------------------------------X

A P P E A R A N C E S:

    Attorneys for Petitioner Shagang Shipping Co., Ltd.

    CHALOS & CO, P.C.
    55 Hamilton Avenue
    Oyster Bay, New York 1171
    By:  George M. Chalos, Esq.
        Katherine N. Christodoulatos, Esq.
        Briton P. Sparkman, Esq.


    Attorneys for Movant HNA Group Co. Ltd.

    BLANK ROME LLP
    405 Lexington Avenue
    New York, NY 10174
    By:  Thomas Hunt Belknap, Jr., Esq.

**Sweet, D.J.**

Movant HNA Group Co. Ltd. ("HNA" or "Movant") has moved this Court, sitting in Part One, to vacate the March 6, 2014 *ex parte* order granting Petitioner Shagang Shipping Co., Ltd. ("Shagang" or "Petitioner") discovery of certain banks pursuant to 28 U.S.C. § 1782 (the "Order"), an order quashing the subpoenas issued by Shagang in this matter pursuant to the Order (the "Subpoenas") or, alternatively, a protective order limiting the scope of permissible discovery pursuant to the Subpoenas. Based on the conclusions set forth below, Movant's motions to vacate and quash the Order are granted.

**Prior Proceedings**

The claims underlying this motion arise out of a lawsuit commenced by Shagang against HNA in the London High Court (the "London Action"), in which Shagang seeks recovery under a performance guaranty issued by HNA for a charter (the "Charter") made between Shagang and Grand China Shipping (Hong Kong) Co., Ltd. ("GCS"). Pursuant to the Charter, Shagang was to supply the M/V DONG-A ASTREA (the "Vessel") to GCS for a minimum of 82 months and maximum of 86 months. Eventually, GCS failed to regularly hire payments, and Shagang obtained six

1

arbitral awards against GCS under the terms of the Charter. GCS was unable to pay the entirety of all awards, and in accordance with the terms of the performance guarantee, Shagang commenced the London Action against HNA on September 13, 2013. The London Action remains pending, with a five-day hearing in the matter for February 9, 2015.

Petitioner initiated the instant action by filing an application for an *ex parte* order pursuant to 28 U.S.C. § 1782 on March 6, 2014 (the "Application"). On March 7, 2014, the Application was granted, and the Order was issued. Under the Order, Shagang was to serve seven banks, six of which were served the Subpoenas on March 11, 2014. On March 25, 2014, Movant filed the instant motions. Oral arguments were held, and the matter marked fully submitted, on April 16, 2014.

**HNA's Motion To Quash Is Granted**

28 U.S.C. § 1782 provides for discovery "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). Pursuant to § 1782, a district court is authorized to assist a foreign or international tribunal or a litigant before such a tribunal by ordering discovery where (1) the person from whom discovery is sought resides or is found in the

2

district; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is made by a foreign or international tribunal or "any interested person." *Schmitz v. Bernstein, Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004) (quoting *In re Esses*, 101 F.3d 873, 875 (2d Cir. 1996)).

A district court retains wide discretion to impose conditions that it deems appropriate in granting discovery in connection with a foreign proceeding under § 1782. *In re Esses*, 101 F.3d 873, 876 (2d Cir. 1996) ("Section 1782 grants district courts wide discretion to determine whether to grant discovery and equally wide discretion to tailor such discovery to avoid attendant problems."); *Euromepa S.A., v. R. Esmerian, Inc.*, 51 F.3d 1095, 1102 (2d Cir. 1995) ("We read section 1782's investment of broad discretion in the district courts as an invitation for district judges to fashion creative means of implementing the statute's double goal: promoting efficiency in international litigation and persuading other nations, by example, to do the same."). "To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure," including Federal Rules of Civil Procedure 26. 28 U.S.C. § 1782(a); *see also Auto-Guadeloupe Investissement S.A.*, 12 MC 221 (RPP), 2012 U.S.

3

Dist. LEXIS 147379, at *12 (S.D.N.Y. Oct. 10, 2012) ("A court considering a request for discovery under § 1782 must also be mindful of U.S. federal discovery procedures under Rules 26 and 45 of the Federal Rules of Civil Procedure."). Under Rule 26, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. *A&R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*, CIV. NO. 3:07CV929 (WWE), 2014 U.S. Dist. LEXIS 32567, at *6 (D. Conn. Mar. 13, 2014).

Shagang sought the Order to pursue discovery of HNA's financial information from certain banks in New York. Petitioner seeks this financial information based on HNA's Defense and Counterclaim submitted in the London Action (the "Defense and Counterclaim"), in which HNA submits, as a defense for the appropriate calculation of damages in the London Action, "[it] will say that the discount rate for accelerated receipt should be assessed by reference to the Claimant's Weighted Average Cost of Capital" and that "the Claimant is required to give credit for the possibility of catastrophic contingencies, such as . . . insolvency . . . ." (Grieveson Decl., Ex. 5 ¶ 15). Shagang contends that due to HNA's pleadings that its insolvency should be given credit in the damages calculation, HNA's creditworthiness and financial information is appropriate

4

for a § 1782 discovery. (Opp. at 4-5).

Shagang's Application meets all of § 1782 statutory requirements, an issue HNA does not contest. However, "[o]nce the statutory requirements are met, a district court is free to grant discovery in its discretion." *Schmitz*, 376 F.3d at 83-84. "[I]f the district court determines that a party's discovery application under section 1782 is made in bad faith, for the purpose of harassment, or unreasonably seeks cumulative or irrelevant materials, the court is free to deny the application in toto, just as it can if discovery was sought in bad faith in domestic litigation." *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1101 n. 6 (2d Cir. 1995); *see also In re an Order Permitting Metallgesellschaft AG to Take Discovery*, 121 F.3d 77, 79 (2d Cir.1997) (noting that if a court "suspects that the [§ 1782 discovery] request is a 'fishing expedition' or a vehicle for harassment, the district court should deny the request" (citation omitted)).

Shagang seeks the information requested in the Subpoenas for an issue related to damages in the London Action, and pre-judgment discovery concerning an opposing party's assets "is not permitted . . . unless it is relevant to the merits of a claim . . . . Rather, such discovery is properly reserved for

5

post-judgment proceedings, when a judgment creditor seeks the information necessary to permit it to enforce the judgment." *Sequa Corp. v. Gelmin*, 91 Civ. 8675 (DAB), 1995 U.S. Dist. LEXIS 9338, at *6 (S.D.N.Y. 1995). The London Action is still in the merits phase of the action, and HNA's statements at issue in the Defense and Counterclaim relates to the appropriate calculation of damages. (*See* Grieveson Decl., Ex. 5 ¶ 15). In addition, HNA's solicitor in the London Action has represented that HNA does not contend in the London Action that its own creditworthiness should factor into the present-value calculation of any damages that might be awarded. (*See* Grieveson Decl. ¶¶ 13-17). Instead, HNA contends that the reference to "insolvency" in the Defense and Counterclaim is in reference to the insolvency of Shagang, not HNA. (*id.* ¶ 9).

Shagang contends that the issue of HNA's insolvency is critical because in order to provide credit for accelerated receipt of a payment otherwise payable in the future, a discount factor, and thus, risk of insolvency, must be applied. However, the issue of accelerated receipt is a damages, and not a merits, issue. Moreover, HNA has filed a letter with the English Court in the London Action (the "Letter") which expressly clarified to the English Court that HNA does not mean in the Defense and Counterclaim that the risk of HNA's insolvency should be

6

considered in any determination of what discount value to apply in any present value calculation. (Grieveson Supp. Decl. Ex. 1). According to HNA, this letter is binding on HNA in the London Action under English civil court procedures. (*Id.* ¶ 12). Shagang has not challenged HNA's contention that its Letter is binding in the English Court with respect to HNA's Defense and Counterclaim. Given such, the Subpoenas are not appropriate at this time.

**Conclusion**

Based on the reasoning given above, HNA's motions to vacate and quash are granted, and its motion for a protective order is denied as moot.

It is so ordered.

**New York, NY**
**April 28, 2014**

_____
ROBERT W. SWEET
U.S.D.J.